Lawrence Douglas Steamer v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-212-CR

Â Â Â Â Â LAWRENCE DOUGLAS STEAMER,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 23rd District Court
Brazoria County, Texas
Trial Court # 36532
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant Steamer appeals his conviction for Aggravated Assault with a Deadly Weapon, for
which he was sentenced to 12 years in the Texas Department of Criminal Justice - Institutional
Division.
Â Â Â Â Â Â Appellant was indicted in a two count indictment for Aggravated Assault with a Deadly
Weapon, a knife. Count One alleged Appellant, on November 10, 1998, threatened Michael Lee
Harris with imminent bodily injury, using and exhibiting a deadly weapon, a knife. Count Two
alleged Appellant, on November 10, 1998, threatened Taisha Townsend with imminent bodily
injury, using and exhibiting a deadly weapon, a knife.
Â Â Â Â Â Â A jury found Appellant guilty of Aggravated Assault with a Deadly Weapon as charged in
Count One; found Appellant not guilty of Aggravated Assault with a Deadly Weapon as charged
in Count Two, but found Appellant guilty of the lesser included offense of assault.
Â Â Â Â Â Â The jury assessed Appellant twelve years in the TDCJ-ID for Count One, and one year in the
County Jail and a $2,000. fine for Count Two.
Â Â Â Â Â Â Appellant, in one issue, contends the evidence factually insufficient to support his conviction
in Count One for Aggravated Assault with a Deadly Weapon where: 1) the Stateâs witnesses
conflict as to whether Appellant ever displayed a knife; 2) Appellant testified he never displayed
a knife; and 3) the juryâs verdict as to the first and second counts of the indictment conflict as to
whether Appellant displayed a knife.
Â Â Â Â Â Â Three witnesses testified for the State, and Appellant testified in his own behalf.
Â Â Â Â Â Â Michael Lee Harris testified he lived in the Meadows Apartments in Freeport, Brazoria
County. On November 10, 1998, he was living with his wife, his wifeâs cousin, Arlin Hector,
and Arlinâs girlfriend, Taisha Townsend. At about 6:30 p.m., Michael, Arlin and Taisha walked
out to Michaelâs car. Taisha got in the car. Appellant, who was nearby, opened the car door,
tried to jerk Taisha out of the car and began hitting her with his fists. Appellant then got in the
car and began to hit Taisha again. Michael attempted to get Appellant out of the car. Appellant
then swung at Michael with a knife. Michael jumped back to avoid being cut. Michael definitely
saw the knife. Michael was aware that Appellant had formerly dated Taisha. Appellant told
Michael that this was none of his business and if he didnât get back, he would kill him. Michael
called the police on his cell phone. Appellant then left in his truck.
Â Â Â Â Â Â Arlin Hector testified that on November 10, 1998, he was living with Michael and Letha
Harris, and Taisha at the Meadows Apartments. Around 6:30 p.m., he, Michael and Taisha were
walking out to Michaelâs car to go to Michaelâs cousinâs home when he saw Appellant. Taisha
got in the car and Appellant jumped in the car and started hitting her. Michael pulled Appellant
out of the car, and Appellant said if he caught Taisha, he would kill her. Arlin stated that he never
actually saw Appellant with a knife. Arlin was aware that Taisha and Appellant used to date. 
Arlin testified he was currently in jail and was on felony probation for selling drugs. He stated
that if Appellant had been holding a knife he probably would have seen it.
Â Â Â Â Â Â Officer Anthony Standley testified that at about 6:30 p.m. on November 10, 1998, he was
dispatched to the Meadows Apartments in Freeport. He spoke with Taisha Townsend. She was
excited and had scratch marks on her face and neck. Taisha told him that Appellant had got into
the car she was in and hit her in the face and head with his fists. He testified that she stated that
Appellant had pointed the blade of a knife at her. He further testified that a knife was capable of
causing death or serious bodily injury.
Â Â Â Â Â Â Appellant was the only witness in his defense. He testifed that Taisha had told him that he
was the father of her nine month old child, and then told him he was not the father. She then
moved in with Arlin Hector. He admitted going to her apartment on November 10, 1998;
admitted to getting into the car with her and hitting her. He testified that he did not have an open
knife in his hand and did not threaten anyone with a knife. He stated that Michaelâs testimony was
reasonably accurate except for the part regarding the knife. He admitted he had felony convictions
for dealing drugs, possessing drugs, and the unauthorized use of a vehicle. He admitted striking
Taisha in the face and saying he would kill her. He admitted that he had a knife with a two inch
blade in his pocket at the time of the attack. He stated that he was currently in the same jail that
Arlin Hector was in.
Â Â Â Â Â Â Appellant claims the evidence factually insufficient to support the conviction under Count One
for Aggravated Assault with a Deadly Weapon against Michael Harris. Specifically, he claims
there was insufficient evidence of the use of a deadly weapon.
Â Â Â Â Â Â The standard for review for factual sufficiency is whether a neutral review of all the evidence,
both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the juryâs determination, and is clearly wrong and manifestly unjust. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). The courtâs review begins with the
assumption that the evidence is legally sufficient. Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997). A Court of Appeals is not free to re-weigh the evidence and set aside the
verdict because the Court feels that a different verdict is more reasonable. Clewis v. State, 922
S.W.2d 126, 135 (Tex. Crim. App. 1996). Nor may a Court of Appeals reverse a decision simply
because the Court disagrees with the result. The Court must defer to the findings of the factfinder
and may find the evidence factually insufficient only when necessary to prevent manifest injustice. 
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
Â Â Â Â Â Â Appellant claims there were inconsistencies in the evidence and therefore the evidence is
factually insufficient. This is not the standard. It is unusual if there are not inconsistencies
between the witnesses at a trial. A decision is not manifestly unjust merely because the factfinder
resolved conflicting views of the evidence in favor of the State. Cain, supra, p. 410.
Â Â Â Â Â Â Moreover, Arlin did not testify that Appellant did not use or exhibit a knife. He testified that
he did not see a knife, and that he thought if appellant had used a knife, he would have seen it.
Â Â Â Â Â Â Appellant claims there was an inconsistent verdict by the jury in that they found the use or
exhibition of a deadly weapon in Count One, but did not in Count Two.
Â Â Â Â Â Â There was ample evidence of the use and exhibition of a deadly weapon in the assault on
Michael Harris alleged in Count One. Michael saw the knife and backed away to keep from
getting cut. Appellant admitted he had a knife in his pocket. While the evidence is stronger that
Appellant used and exhibited the knife in his assault on Michael, the evidence is not as strong that
he used or exhibited the knife in his assault on Taisha. The only evidence here was the hearsay
statement of Officer Stanley in which he testified that Taisha told him Appellant had pointed a
knife at her. The jury was entitled to believe that Appellant used or exhibited a knife in his assault
on Michael but did not do so in his assault on Taisha. There is no conflict in these two findings.
Â Â Â Â Â Â We hold the evidence factually sufficient to sustain Appellantâs conviction in Count One and
overrule Appellantâs issue and all contentions made thereunder. Appellant has not appealed from
the jury findings or his conviction in Count Two.
Â Â Â Â Â Â The judgment is affirmed.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Gray, and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 11, 2001
Do not publish



o hearsay and conclusory
evidence; and (5) failing to object to inconsistencies in a previous order. 

To prove ineffective assistance, an appellant must show that:
(1) counsels performance was deficient; and (2) the defense was prejudiced by
counselÂs deficient performance.Â  See Strickland
v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see
also Wiggins
v. Smith, 539
U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).Â  The
appellant must prove, by a preponderance of the evidence, that there is no
plausible professional reason for a specific act or omission.Â  Bone v.
State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002). Â There is Âa strong presumption that counselÂs conduct
fell within a wide range of reasonable representation.ÂÂ  Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).Â  Â[A]ny
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.ÂÂ  Thompson
v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).

Â Â Â Â Â Â Â Â Â Â Â Â Â  Although Henderson made a general
allegation of ineffective assistance in his untimely motion for new trial, he
failed to explain how trial counsel was ineffective.[5]Â 
He attached no evidence to his motion, and the trial court denied the motion
without a hearing. Â Thus, the record is silent as to any reasons explaining
trial counselÂs actions.Â  We will not speculate as to those reasons.Â  See Thompson, 9 S.W.3d at 814.Â  Absent
a record revealing trial counselÂs strategy or motivation, Henderson has not
defeated the strong presumption that trial counselÂs actions fell within the
wide range of reasonable professional assistance. Â See id.Â  His ineffective assistance claim is better raised
through an application for a writ of habeas corpus. Â See Rylander
v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003); see also Bone, 77 S.W.3d at 837 n.30.




Â Â Â Â Â Â Â Â Â Â Â Â Â  The trial courtÂs judgment is
affirmed.

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed March 5, 2008

Do not publish

[CR25]

Â 

Â 









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  To support this claim, Henderson included an affidavit in the appendix to his brief.Â  The State filed a motion to
strike the affidavit because it is not part of the appellate record.Â  Because we agree, the StateÂs motion is
granted.Â  See Hill v. State, 90 S.W.3d 308, 314 (Tex. Crim. App. 2002); see
also Ex parte Lekavich, 145 S.W.3d 699,Â 702 n.2 (Tex. App.ÂFort Worth
2004, no pet.).





[2] Â Â Â Â Â Â Â Â Â Â Â Â Â  The PSI appears to have influenced
the trial courtÂs decision to impose a lighter sentence.Â  After reviewing the
PSI, the trial court stated, ÂAt first I thought even more than 20 years might
be appropriate, but after refreshing my memory, there were some extenuating
circumstances.ÂÂ  Henderson argues that it is Âludicrous to conclude that the
allegations and comments in the PSI, mostly negative, diminished the
sentence.ÂÂ  Yet, the trial courtÂs statement seems to suggest otherwise.Â  Â Â 

Â 





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Henderson was sentenced on January 16 and his motion was
filed on February 22.Â  See Tex. R. App. P. 21.4(a)Â (a motion for new trial must be filed Âno later
than 30 days after, the date when the trial court imposes or suspends sentence
in open courtÂ).Â  





[4] Â Â Â Â Â Â Â Â Â Â Â Â Â  Because this case involves two
cause numbers, the record contains two separate motions.





[5]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The motion alleges:

Â 

Attorney for defendant believes
that evidence may have been improperly admitted or that the defendant did not
receive effective assistance of counsel.Â  Attorney for defendant believes that
the defendant may not have understood the ramifications of his actions and thus
certain pleas or actions at the hearings on application to proceed to final
adjudication, adjudication, and sentencing were involuntary.Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â